IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:04-CR-46 |
| REBECCA F. KIRBY, | ) | (PHILLIPS/SHIRLEY) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on November 17, 2008, for a detention hearing with respect to the potential revocation of the defendant's supervised release pursuant to a Petition for Warrant for Offender under Supervision [Doc. 27], filed on November 6, 2008. Assistant United States Attorney F.M. Hamilton, III, was present representing the government. Attorney Kim A. Tollison represented the defendant, who was also present. Although it is unusual for the Court to issue an order after granting a release, the facts and legal circumstances of this case make appropriate for the Court to issue this Order.

The government sought to have the defendant detained pending her revocation hearing before District Court Judge Thomas W. Phillips, arguing that there were no conditions of release that would reasonably assure the defendant's presence at future court proceedings. The government presented the testimony of United States Probation Officer Elaine Johnson, who recounted the defendant's failure to report to her for scheduled meetings on at least three occasions and to report for drug testing on four occasions. The defense called the defendant's husband, who testified that he would make sure that the defendant attended all court appearances and complied with the

1

conditions of her release. Defense counsel also proffered information regarding the defendant's family, residence, and employment.

A person's release or detention pending a hearing on the revocation of supervised release is governed by Federal Rule of Criminal Procedure 32.1(a)(6): "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Section 3143(a) provides that the Court must detain the defendant unless it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3142(a).

In the present case, the Court finds that dangerousness was not raised as an issue and does not appear to be a concern with regard to the defendant's release. The Court also finds by clear and convincing evidence that the defendant "is not likely to flee." The defendant lives in Sevier County with her husband and young son. Her daughter, son-in-law, and grandchild live next door. The defendant has never failed to appear for court. She is employed part-time, and the Court has no evidence before it that she has missed work. Although the government contends that the defendant has missed four drug screens, it does not contend that she has used drugs during the relevant time frame. Accordingly, the Court finds that there are conditions of release that would reasonably assure the Court that the defendant will not flee and will appear as required if released.

It does appear to the Court that the defendant is unlikely to fully comply with, or abide by, any condition or combination of conditions of release. However, whereas that could serve as a basis for entering an order of detention or revocation for violating a condition contained in a pretrial release order under 18 U.S.C. § 3148(b)(2)(B), it does not constitute a basis for detention under 18

2

U.S.C. § 3143.

Despite being constrained by the statutory language in section 3143, the Court is concerned that the defendant will violate her conditions of release before her revocation hearing. Thus, the Court expressed those concerns to the defendant in open court, added as a special condition that the defendant comply with all of the conditions of her supervised release, and strongly admonished the defendant to comply. Moreover, the Court advised the defendant that under this release order, her failure to abide by these conditions would result in a revocation of her release under 18 U.S.C. § 3148. The terms of the defendant's release are set forth in the Order Setting Conditions of Release [Doc. 33].

Accordingly, the Court **ORDERS** that the defendant be released on conditions pending her revocation hearing before Judge Phillips. At the request of defense counsel, the revocation hearing was continued to **November 24, 2008, at 10:00 a.m.**

    **IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge